**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JANET HOWARD,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF COMMERCE,<br>　　　　　Agency. | DOCKET NUMBER<br>DC-1221-17-0106-W-1<br><br><br>DATE: January 27, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janet Howard, Spotsylvania, Virginia, pro se.

David M. Brown, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Vice Chairman Harris recused herself and
did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as barred by the doctrine of res judicata.  Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115  (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant filed an IRA appeal on November 3, 2016.  Initial Appeal File (IAF), Tab 1.[2]  In her IRA appeal, the appellant alleged the agency removed her, effective April 28, 2008, in retaliation for protected whistleblowing activity. IAF, Tab 1, Tab 5, Tab 9 at 1, Tab 10.  The agency asserted the appellant had previously litigated her removal before the Board.  IAF, Tab 6 at 5.  During a

---

[2] In her initial appeal, the appellant stated she was attaching a "supporting letter from the U.S. Office of Special Counsel [(OSC)]."  IAF, Tab 1.  Subsequently, in response to being ordered to identify the date of her complaint to OSC and when she received notification from OSC that it was terminating her complaint, the appellant stated, "Appellant has not received such notice, evidence that 120 days have passed since appellant filed her complaint with OSC."  IAF, Tab 5 at 3.  The initial appeal record before us contains no OSC letter.  Following the close of the record on review, the appellant submitted an additional pleading with multiple attachments, including a September 30, 2016 OSC letter.  The Board does not accept such submissions after the close of the record absent a motion seeking leave to file and describing the nature of and need for the pleading.  5 C.F.R. § 1201.114(a)(5), (k).  Additionally, any such letter is ultimately irrelevant to our decision on this petition for review, given the undisputed facts discussed herein.

subsequent status conference with the administrative judge, "the appellant confirmed that this appeal contests her 2008 removal for performance reasons, an action that she previously appealed to the Board in *Howard v. Department of Commerce*, 2008 WL 5552758 (Nov. 7, 2008), and was the subject of a final Board order in *Howard v. Department of Commerce*, 11 M.S.P.R. 466 (May 19, 2009)."  IAF, Tab 9.

¶3  The administrative judge ordered the appellant to show cause why her appeal should not be dismissed as barred by the doctrine of res judicata, indicating she should specifically address the following question: "Why is the agency wrong when it argues that Board law precludes me from reconsidering her allegation that her removal, already upheld by the Board, was lawful? (She may wish also to explain why she did not plead a whistleblower defense as part of that case)."  *Id.*  The administrative judge also correctly explained to the appellant that the doctrine of res judicata precludes parties from relitigating issues that were, or could have been, raised in a prior action, and is applicable if:  (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.  *Id.*; *see Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 336-37 (1995).

¶4  In response to the administrative judge's order, the appellant merely reiterated the bases for her claim that "the Appellant's 2008 removal upheld by the U.S. Merit Systems Protection Board in 2009 was not lawful."  IAF, Tab 10. The administrative judge then dismissed the appeal as barred by the doctrine of res judicata, finding the appellant did not argue her IRA appeal involved a different action than her prior removal appeal and did not dispute that:  (1) the Board had jurisdiction to adjudicate her prior removal appeal; (2) her prior removal appeal was adjudicated on the merits and became final; (3) the parties to that action were the same as those in her IRA appeal.  IAF, Tab 13, Initial Decision at 3.

¶5    In her petition for review, the appellant does not challenge any of these findings.  Petition for Review File, Tab 1.  Rather, she asserts, as to her prior appeal of her 2008 removal, that:   (1) the administrative judge denied her witnesses, thereby violating her right to due process; (2) the agency failed to engage her in settlement discussions; and (3) the administrative judge failed to properly consider her failure to accommodate claim.   *Id.*   None of these arguments warrant disturbing the initial decision.  Accordingly, the petition for review is denied and the initial decision is affirmed.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.